# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON S. ERICKSON, | : | No. 1:10-cv-1530 |
| Petitioner | : | |
| v. | : | (J. Rambo) |
| WARDEN MARTINEZ, | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner Jason S. Erickson ("Erickson"), an inmate currently incarcerated at the United State Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood), filed the instant petition for writ of habeas corpus pursuant to 29 U.S.C. § 2241 on July 16, 2010, seeking an order compelling Respondent to reconsider the decision denying him placement in a residential re-entry center ("RRC"). (Doc. 1.) For the reasons that follow, the petition will be denied.

**I.      Background**

Petitioner was sentenced on January 8, 2003, in the United States District Court for the Eastern District of Virginia for knowingly and intentionally conveying a threat to damage, destroy and disable an aircraft used in interstate and foreign air commerce by means of a destructive device in violation of 18 U.S.C. § 32. Petitioner was sentenced to thirty-six months on this offense. Since January 20, 2009, Petitioner has been housed at USP- Allenwood. Assuming he earns all of the good time credit that is available, his projected release date is May 10, 2011.

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 ("Second Chance Act"), was signed into law. 18 U.S.C. §§ 3621, 3624. The Second Chance Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individualized determination of each prisoner before release that ensures the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). The BOP has since issued two guidance memoranda, indicating approval is required from the Regional Director for RRC placements longer than six months. In the meantime, regulations were passed which stated, "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). In addition, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22.

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen to nineteen months prior to the inmate's probable release date. (Memo. for Chief Exec. Officers, Doc. 13-4, at 9 of 30.) After approval from the Warden, referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date. (*Id.* at 10 of 30, citing BOP Program Statement 7310.04 Community Corrections Center Utilization and Transfer Procedures.) These recommendations and referrals

weigh the needs of the inmate, the public safety, and the necessity of the BOP to manage its inmate population. (*Id.*)

BOP Program Statement 7310.04 states that inmates with "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement" are not normally eligible for RRC placement. (BOP Program Statement 7310.04, Doc. 13-4, at 27 of 30.) Furthermore, the Statement requires that "[w]hen an inmate is excluded under this subsection, a memorandum, signed by the Warden, shall be prepared and placed in the Inmate Central File to explain the rationale for exclusion from [RRC] Programs." (*Id.*)

On January 17, 2010, Petitioner's Unit Team conducted a program review to discuss his potential to be placed in an RRC. (Residential Re-Entry Center Consideration, Doc. 13-5, at 16 of 30.) A review of Petitioner's file was conducted, and it was determined he was not available for RRC placement because he had an outstanding charge in Florida for violation of the Anti Tamper Act. (*Id.*) In addition, information was received that Petitioner had an outstanding warrant in Colorado for Vehicle Theft. (Detainer Action Letter, U.S. Dept. of Justice, Doc. 13-5, at 17 of 30.)

On February 16, 2010, Petitioner's Unit Team conducted a Program Review of his institutional placement and determined that because of his pending charges it was not recommended he be placed in an RRC. (RRC Denial, Doc. 13-5, at 18 of 20.) Pursuant to Program Statement 7310.04, a memorandum was prepared that was signed by the Warden and placed in Petitioner's inmate file, outlining the rationale for his denial to an RRC. (*Id.*) The memorandum stated:

> According to [Petitioner's] PSI, a probation violation report was filed in Volusia, Florida, and a warrant was

3

>issued relative to this initial conviction for Florida Anti Tamper Act. [Petitioner] reportedly failed to submit written reports to his probation officer, changed his residence without notification, absconded from supervision, incurred new arrests, and failed to pay restitution and court costs. According to a document dated July 15, 2009, from the Volusia County Sheriff's Office, their department will not file a detainer and the warrant is not a "nationwide pick up". However, the warrant remains active.

*Id.*

## II.     Discussion

Petitioner relies on 28 U.S.C. § 2241 to challenge the denial of his pre-release placement. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The Third Circuit has concluded that Section 2241 is the appropriate avenue for challenging a decision to exclude an inmate from RRC placement. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-33 (3d Cir. 2005).

### A.     Exhaustion of Administrative Remedies

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under Section 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves

4

judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id*. at 761-62 (citations omitted).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq*.; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff must attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). An inmate has twenty (20) calendar days from the date of the alleged injury within which to complete this informal resolution process. *Id*. at § 542.14(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id*. If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office, and if unsuccessful on this appeal, he may appeal to the General Counsel or Central Office of the BOP. *Id*. at §§ 542.15(a) and 542.18. General Counsel has forty (40) calendar days to respond. *See id*. at § 542.18. If at any point an inmate misses a deadline imposed by the federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his grievance. *See id*. at § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." *Id*. Finally, no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

In the present case, Respondent claims Petitioner has failed to exhaust his administrative remedies because he has only filed one request for administrative relief and this was done six month after the filing of the instant habeas petition.

Petitioner does not contest this fact, and only claims that he would be unduly prejudiced by having to exhaust his administrative remedies and that exhaustion would be futile.

Although the court agrees that it appears Petitioner has failed to exhaust his administrative remedies, in the interest of judicial economy and because the parties have briefed the merits of the petition, the court will rule on the petition's merits.

### B. Merits

The BOP has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment by considering (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, *inter alia*, placing them in community confinement." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 (3d Cir. 2005). When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

Furthermore, Program Statement 7310.04, precludes inmates from RRC placement who have pending charges against them. (BOP Program Statement 7310.04, Doc. 13-4, at 27 of 30.)

Petitioner argues that the BOP denied him RRC placement based on his outstanding warrants, even though these charged are not likely to lead to arrest. Petitioner argues that his

> Florida and Colorado state-only warrants will not likely lead to arrest in Petitioners [sic] home state of Virginia. As the closest state, Florida, is three states away from Virginia, <u>before</u> the Petitioner could risk arrest on that warrant, he would have <u>already</u> then violated his probation. Thus, it is unlikely to occur, illogical to consider as justifiable and simply not a legal concern.

(Pet.'s Reply Brief, Doc. 14, at 1 of 2.)

The court cannot agree with this logic. Petitioner has outstanding warrants in two states and is considered a high-security inmate. The BOP has made clear that outstanding warrants preclude an inmate from RRC eligibility. The distance between the Petitioner's home state and the state where he has a likelihood of arrest is not a factor to be considered. In addition, nothing precludes the state of Virginia from detaining him based on outstanding warrants in both Florida and Colorado, simply because Florida has not issued a "nationwide pick up" does not mean he cannot be arrested, confined or convicted based on these active warrants. As such, the instant petition will be denied.

**III.     Conclusion**

Based on the foregoing, the petition for writ of habeas corpus, (Doc. 1), will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 22, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON S. ERICKSON,** | : | No. 1:10-CV-1530 |
| Petitioner | : | |
| v. | : | |
| **WARDEN MARTINEZ,** | : | **(J. Rambo)** |
| Respondent | : | |

## **O R D E R**

**AND NOW**, for the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**, Petitioner's writ for habeas corpus, (Doc. 1), is **DENIED**. The Clerk of Court shall close the file.

                s/Sylvia H. Rambo
                SYLVIA H. RAMBO
                United States District Judge

Dated: October 22, 2010.